Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. Defendant is self-insured, and AIG Claims Services is the servicing agent.
4. The date of the alleged injury is 12 February 1996.
The parties are also stipulated to the answers to interrogatories, the medical records from Dr. Pearce and Dr. Casey, Form 18 Notice of Accident to Employer, Form 19 Employers Report of Injury to Employee, and Form 22 Statement of Days Worked and Earnings of Injured Employee.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, who was sixty-one years old at the time of the hearing before the Deputy Commissioner, worked as a truck driver most of his adult life.
2. On 12 February 1996, plaintiff was employed by defendant as a long distance truck driver. On that date, as he was climbing out of the cab of his truck in his usual and customary fashion, he experienced a sharp pain in his knee and fell to the ground. Plaintiff did not sustain an injury to his back or knee as a result of the fall.
3. When plaintiff returned to North Carolina with his truck on 13 February 1996, he did not indicate on the driver inspection report for that trip that the truck seat was broken.
4. On 16 February 1996, plaintiff was seen by Larry A. Pearce, M.D., for complaints of neck and back pain. Plaintiff reported a history of worsening back and neck pain over the preceding year. He also indicated that his pain was aggravated by his job as a long distance truck driver. Plaintiff did not describe injuring himself as the result of a fall from his truck, and he did not initially report that his truck seat was broken.
5. Plaintiff suffers from degenerative disc disease of the cervical and lumbar spine. This is an ordinary disease of life which is common in persons of plaintiffs age due to wear and tear of the body which accumulates over time.
6. Plaintiffs claim that he injured his back when he fell from his truck on 12 February 1996 is not accepted as credible.
7. The greater weight of the evidence fails to show that plaintiffs degenerative disc disease of the lumbar and cervical spine was caused or significantly contributed to by his employment with defendant or that plaintiffs job placed him at an increased risk for contracting his condition as compared to members of the general public not so employed.
8. Even if plaintiff made three to six trips with a broken seat, the repetitive slapping of that seat may have aggravated his symptoms, but it did not cause, aggravate, or accelerate the degenerative changes present in plaintiffs spine.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On 12 February 1996, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer as a direct result of a specific traumatic incident of the assigned work. G.S. 97-2(6).
2. Plaintiff failed to prove that his degenerative disc disease of the lumbar and cervical spine was characteristic of and peculiar to his employment with defendant and that his employment with defendant caused or significantly contributed to the development of his condition. G.S.97-53(13).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for compensation under the Act is DENIED.
2. Each side shall pay its own costs.
 S/____________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/__________________ LAURA K. MAVRETIC COMMISSIONER
 S/______________________ BERNADINE S. BALLANCE COMMISSIONER